## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| LISA C., [1] | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Civil Action No. 7:18-CV-276** |
| | ) |
| ANDREW SAUL, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff Lisa C. ("Lisa") filed this action challenging the final decision of the

Commissioner of Social Security ("Commissioner") finding her not disabled and therefore

ineligible for disability insurance benefits ("DIB") under the Social Security Act ("Act").  42

U.S.C. §§ 401–433.  Lisa alleges that the Administrative Law Judge ("ALJ") erred by failing to

properly account for her moderate impairments in concentration, persistence, or pace. I conclude

that the ALJ's decision is not supported by substantial evidence.  Accordingly, I

**RECOMMEND GRANTING in part** Lisa's Motion for Summary Judgment (Dkt. 18),

**DENYING** the Commissioner's Motion for Summary Judgment (Dkt. 20), and **REMANDING**

this case for further administrative proceedings consistent with this opinion.

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence exists to

support the Commissioner's conclusion that Lisa failed to demonstrate that she was disabled

---

[1] Due to privacy concerns, I use only the first name and last initial of the claimant in social security opinions.

under the Act.[2] <u>Mastro v. Apfel</u>, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it

consists of more than a mere scintilla of evidence but may be somewhat less than a

preponderance." <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and

alterations omitted). The final decision of the Commissioner will be affirmed where substantial

evidence supports the decision. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, remand is appropriate if the ALJ's analysis is so deficient that it "frustrate[s]

meaningful review." <u>Mascio v. Colvin</u>, 780 F.3d 632, 636 (4th Cir. 2015) (noting that "remand is

necessary" because the court is "left to guess [at] how the ALJ arrived at his conclusions"); <u>see</u>

<u>also</u> <u>Monroe v. Colvin</u>, 826 F.3d. 176, 189 (4th Cir. 2016) (emphasizing that the ALJ must

"build an accurate and logical bridge from the evidence to his conclusion" and holding that

remand was appropriate when the ALJ failed to make "specific findings" about whether the

claimant's limitations would cause him to experience his claimed symptoms during work and if

so, how often) (citation omitted). In <u>Mascio</u> and <u>Monroe</u>, the court remanded because the ALJ

failed to adequately explain how he arrived at conclusions regarding the claimant's RFC.

<u>Mascio</u>, 780 F.3d at 636, <u>Monroe</u>, 826 F.3d. at 189. Similarly, I find that remand is appropriate

here because the ALJ's opinion leaves the court to guess at how he determined that Lisa's

moderate impairment with concentration, persistence or pace is adequately accommodated by the

RFC.

---

[2] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. <u>See</u> 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

## CLAIM HISTORY

Lisa filed for DIB on January 30, 2014, claiming that her disability began on February 28, 2013, later amended to March 25, 2013. R. 11, 174–77. Lisa's date last insured was September 30, 2015; thus, she must show that her disability began before that date and existed for twelve continuous months to receive DIB. 42 U.S.C. § 423(a)(1)(A), (c)(1)(B), (d)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a).  The state agency denied Lisa's application at the initial and reconsideration levels of administrative review. R. 77–101. On January 24, 2017, ALJ John Dawkins held a hearing to consider Lisa's claim for DIB. R. 27–76. Counsel represented Lisa at the hearing which included testimony from vocational expert Robert Jackson. Id. On April 17, 2017, the ALJ entered his decision analyzing Lisa's claim under the familiar five-step process[3] and denying her claim for benefits. R. 11–21.

The ALJ found that Lisa suffered from the severe impairments of degenerative disc disease, polyarthralgia, myofascial syndrome, obesity, depression and anxiety. R. 13. The ALJ determined that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 13–15. The ALJ found that regarding her mental impairments, Lisa had moderate limitations with concentration, persistence or maintaining pace. R. 14–15. The ALJ concluded that Lisa retained the residual functional capacity ("RFC") to perform a range of light work. R. 15.  Specifically, the ALJ found that Lisa can occasionally

---

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curium) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. At the fifth step, the burden shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies.  42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

climb ramps and stairs but never ladders, ropes and scaffolds; occasionally crawl, crouch, kneel, stoop and balance; and can have no exposure to hazards such as open machinery or unprotected heights. The ALJ also limited Lisa to performing simple, routine tasks. R. 15.

The ALJ determined that Lisa could perform her past relevant work as a marker, and further, that she can perform other jobs that exist in the national economy such as cashier, inspector and counter clerk. R. 20–21. Thus, the ALJ concluded that Lisa was not disabled. R. 21. Lisa appealed the ALJ's decision and on April 13, 2018, the Appeals Council denied her request for review. R. 1–4. This appeal followed.

## ANALYSIS

Lisa alleges that the ALJ's RFC does not properly account for her moderate limitations with concentration, persistence or pace and interacting with others. Pl. Br. Summ. J. p. 6. In step 2 of his opinion the ALJ determined that Lisa has a moderate limitation with concentration, persistence and maintaining pace. The ALJ stated,

> [d]uring a period with increased negative stimuli, such as a family member developing cancer, the claimant displayed limited attention and concentration. Generally, the claimant had fair to good attention and concentration and she was able to perform two to three step commands. The totality of the evidence supports a moderate limitation in this domain.

R. 14–15.

In step 4 of the opinion, the ALJ considered Lisa's testimony that she has difficulty concentrating and that her depression makes her not want to go anywhere, do anything or spend time with friends. R. 16. The ALJ reviewed Lisa's history of mental impairments and found the medical evidence inconsistent with her alleged mental and social limitations. R. 17. The ALJ noted that Lisa's treating psychiatrist Hasnain Maqsood, M.D., diagnosed major depressive disorder and generalized anxiety disorder in 2012. R. 17. The ALJ noted that Lisa was

4

prescribed multiple medications to treat her mental conditions. Id.  The ALJ found that Lisa

"occasionally reported neurological symptoms including memory loss, however, no physical

etiology was determinable for these." R. 17, 777. The ALJ noted that during mental status

examinations, Lisa was able to perform two to three step commands and spell "world" forwards

and backwards. R. 17. The ALJ also noted that Lisa testified that she can perform activities of

daily living around the house including cleaning and vacuuming. R. 17.  The ALJ found that

Lisa's reports of depressed moods were generally when she had stress from extra stimuli in her

environment, and that she otherwise reported good tolerance of her medications. Id.  The ALJ

found "most significant" that Lisa's mental status examinations reflected cooperative behavior,

coherent, relevant and goal-oriented thought process, alertness and orientation to person, place

and time, and intact recent and remote memory. Id.

The ALJ reviewed the medical opinion evidence relating to Lisa's mental impairments.

On August 11, 2014, state agency psychologist Jo McClain reviewed Lisa's records and

determined that her depression and anxiety are non-severe impairments. R. 82. On January 13,

2015, state agency psychologist Louis Perrott, reviewed Lisa's records on reconsideration and

agreed that her mental impairments are non-severe. R. 95.  The ALJ gave the state agency

psychologists' opinions little weight, finding that they did not adequately consider Lisa's

subjective complaints or the combined effect of her impairments, and further, did not have the

benefit of additional evidence or personal examination. R. 17–18.  The ALJ stated, "[t]he

claimant's treatment notes, as discussed above, clearly demonstrates that the claimant's mental

impairments are severe." R. 18.

The ALJ summarized his findings, stating,

In recognition of the episodic neurological symptoms, the undersigned also
included a prohibition against exposure to hazards.  These symptoms along with

5

> the claimant's depression and anxiety support the limitation to simple, routine
> tasks.  The claimant's activities of daily living and demonstrated ability to
> perform two step tasks, however, prevent any further mental limitations.

R. 18.  The ALJ noted that Lisa's daily activities include cooking every other day, cleaning her

house, making beds, cleaning dishes, vacuuming and mopping the floors, shopping for groceries

once a week, and visiting her daughter in North Carolina two times every six months. R. 18–19.

The ALJ also noted that Lisa's mental health treatment notes suggest recent improvement and

stability with her conditions. R. 19.

Lisa alleges that a restriction to "simple, routine tasks," does not fully account for her

moderate limitation with concentration, persistence or pace.  Lisa asserts that her ability to

perform activities of daily living such as cleaning and grocery shopping, and ability to perform

"two-step" tasks does not sufficiently explain the ALJ's failure to accommodate her moderate

mental limitations in the RFC. Pl. Br. Summ. J. p. 7.  Lisa notes that the vocational expert

testified at the administrative hearing that an individual who is off task more than 12.5 percent of

the workday is unable to perform competitive work. Id. at p. 8.

In Mascio, the Fourth Circuit held that "an ALJ does not account 'for a claimant's

limitations in concentration, persistence, and pace by restricting the hypothetical question to

simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc.

Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)).  The Fourth Circuit emphasized the distinction

between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the

latter limitation would account for a claimant's limitation in concentration, persistence, or pace."

Id.  Although the Fourth Circuit noted that the ALJ's error might have been cured by an

explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace

did not translate into a limitation in the claimant's RFC, it held that without such an explanation,

remand was necessary.  Id.

The Mascio decision does not broadly dictate that a claimant's moderate impairment in

concentration, persistence, or pace must always translate into a limitation in the RFC. Rather,

Mascio underscores the ALJ's duty of explanation to adequately review the evidence and explain

the disability decision, especially where, as the ALJ held in Mascio, a claimant's concentration,

persistence or pace limitation does not affect the claimant's ability to perform simple, unskilled

work. The ALJ has the responsibility to address the evidence of record that supports that

conclusion and ensure that the hypothetical presented to the vocational expert includes all the

limitations set forth in the RFC.

Likewise, in Thomas v. Berryhill, 916 F.3d 307 (4th Cir. 2019), the court held that an

RFC stating that the claimant could not perform work "requiring a production rate or demand

pace," was inadequate to address a moderate impairment with concentration, persistence or pace

because the ALJ failed to provide information to understand what those terms mean. Id. at *3.

The court stated,

> [w]ithout further explanation, we simply cannot tell whether the RFC finding—
> particularly the portion restricting Thomas to jobs that do not require a "production
> rate" or "demand pace" — properly accounts for Thomas's moderate limitations in
> concentration, persistence, and pace.  On remand, the ALJ will need to establish
> for how long, and under what conditions, Thomas is able "to focus [her] attention
> on work activities and stay on tasks at a sustained rate."  Only then will we or any
> court be able to meaningfully review the ALJ's RFC finding.

Id. at 4, n. 5.

The court in Thomas also found error because the ALJ did not draw "explicit conclusions

about how [the claimant's] mental limitations affect her ability to perform job-related tasks for a

full workday- a benchmark established by the Administration's own regulations." Id. at 3.

7

Recently, in Perry v. Berryhill, No. 18-1076, 2019 WL 1092627, at *3 (4th Cir. March 8, 2019), the Fourth Circuit reiterated its holding that a moderate limitation with concentration, persistence or pace is not accounted for by limiting a claimant to "unskilled work."  The court further stated, "[i]f those limitations are addressed at all, that is, then it must be through the ALJ's reference to a 'non-production oriented work setting.' But, again, we do not know what the ALJ intended when she used that phrase. As a result, it is difficult, if not impossible, to evaluate whether restricting Perry to a 'non-production oriented work setting' properly accounted for Perry's well-documented limitations in concentration, persistence, and pace." Id.

Here, the ALJ provided a detailed opinion thoroughly discussing Lisa's mental health treatment, her testimony regarding her limitations, and the psychologist opinions in the record. The ALJ determined that Lisa had moderate impairments with concentration, persistence or pace, which is supported by Lisa's mental health records and her testimony.  However, the ALJ determined that Lisa's activities of daily living, ability to perform two step tasks, and recent improvement and stability with her mental health conditions, warranted no further limitations in the RFC than "simple, routine" tasks. R. 19.

The Fourth Circuit has repeatedly held that moderate limitations in concentration, persistence or pace are not adequately accounted for by limitations to unskilled and routine tasks without additional explanation. The ALJ must include an explanation as to why Lisa's moderate deficits with concentration, persistence or pace do not require accommodations in the RFC or why the limitations in the RFC accommodate her mental impairments.  The reasons provided by the ALJ to support the mental limitations in the RFC—that Lisa can perform daily activities of making beds, cleaning dishes, vacuuming, mopping the floors, shopping for groceries once a week and visiting family every six months; she can perform two-step tasks; and she had good

8

concentration and attention in her mental examinations— address Lisa's mental skill level and short-term concentration, but do not address her ability to concentrate, persist or perform a task at a certain pace for an 8-hour day.

The ALJ did not build the required logical bridge between his finding that Lisa had impairments with concentration, persistence or pace, and his conclusion that Lisa required no mental health restrictions aside from simple, routine tasks. This case is distinguishable from the line of cases holding that an ALJ may rely upon the medical opinions in the record to support the conclusion that a claimant's impairment in concentration, persistence, or pace did not prevent him from performing simple, routine tasks. See Sizemore v. Berryhill, 878 F.3d 72 (4th Cir. 2017). Here, the ALJ gave little weight to the state agency psychologists opinions, finding that they improperly determined that Lisa's mental impairments were non-severe. R. 18. There are no other mental health opinions in the record reflecting that Lisa can maintain an acceptable pace or perform work on a consistent, sustained basis for an 8-hour workday. Thus, the physician opinions in the record do not provide the required explanation as to how the RFC properly accommodates Lisa's limitations with concentration, persistence or pace. These deficiencies require remand.[4] See Thomas v. Berryhill, 916 F.3d at 312; Huff v. Berryhill, No. 7:18cv54, 2019 WL 2193860, at *3 (W.D. Va. May 21, 2019) (ALJ's failure to address claimant's ability to perform job-related functions for a full workday requires remand).

---

[4] During oral argument, the Commissioner asserted that the court should rely upon a recent Third Circuit opinion, Hess v. Commissioner, 931 F. 3d 198 (3rd Cir. 2019), to affirm this decision.  In Hess, the court held that a limitation to simple tasks may be appropriate for an individual with a moderate limitation in concentration, persistence, or pace if the ALJ provides a valid explanation. Id. at 210. This portion of the holding mirrors the Fourth Circuit's decision in Mascio, which is binding on this court. The facts of Hess differ greatly from the facts in this case, however.  In Hess, the ALJ provided a more fulsome explanation for why the claimant's moderate limitation with concentration, persistence or pace was adequately accommodated by a restriction to simple tasks; relying upon physician opinion evidence, mental health treatment history and specific mental status examinations, and daily activities, including part time work. Id. at 205–08. Such a detailed explanation is not present here.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND GRANTING in part** Lisa's motion for summary judgment, **DENYING** the Commissioner's motion for summary judgment, and **REMANDING** this case for further consideration by the ALJ.

The Clerk is directed to transmit the record in this case to Elizabeth K. Dillon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including the waiver of the right to appeal.

Entered: February 3, 2020

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge